```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**DWAYNE ANTHONY JEFFERSON, JR.,**

      **Plaintiff,**

      **v.**                      **CASE NO.  16-3009-SAC-DJW**

**JOHNSON COUNTY ADULT DETENTION CENTER,**

      **Defendant.**

## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff Dwayne Anthony Jefferson, Jr., is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Although Plaintiff is presently incarcerated in the custody of the Southeast Correctional Center in Charleston, Missouri, in this action he alleges deprivations of constitutional rights during his previous incarceration in the custody of the Johnson County Adult Detention Center ("JCADC").  Plaintiff alleges violations of his First Amendment right to freely exercise his chosen Islamic religion.

Plaintiff alleges the following in his Complaint. When Plaintiff arrived at the JCADC in 2015, he declared himself a Christian and was issued a Bible. He subsequently converted his religion and became a Muslim. He requested a Qur'an, a prayer rug, and headwear. Plaintiff claims that although he now has a Qur'an, that is the only literature on the Islamic religion that was accessible to him at JCADC. Plaintiff claims that while at JCADC he was given a kosher diet "which is for Jews" and that he should have been given a regular tray like the other inmates. Plaintiff claims that the commissary list that he was entitled to order from at JCADC was "basically candy and fish" and that no additional options were added despite his requests. Plaintiff claims he was subsequently given an additional blanket to pray on instead of a prayer rug, but that he did not receive headwear, any literature about the Islamic faith, or Muslim services at JCADC.

As Count I of his Complaint, Plaintiff claims that JCADC denied him access to religious literature in violation of his First Amendment right to freely exercise his religion. As Count II, Plaintiff claims that his meals and the availability of items on the commissary list at JCADC violated his First Amendment right to freely exercise his religion. As Count III, Plaintiff claims that JCADC's denial of his request for a prayer

rug and headwear violated his First Amendment right to freely exercise his religion.

Plaintiff's request for relief includes injunctive relief in the form of a court order directing JCADC to provide "the Qur'an (English-Arabic Translation Edition) . . ., prayer rug, head wear, literature to improve [his] material and spiritual condition of life by labor and study . . . [and] a diet that conforms to [his] religious beliefs . . . [and] access to ministers, religious leaders and religious services."

**II.  Statutory Screening of Prisoner Complaints:**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court

3

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and,

4

what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v.*

5

*Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.  Mootness of Request for Equitable Relief

Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*.  Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974).  The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions

6

of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Plaintiff was transferred from the JCADC after he filed his Complaint. *See* Doc. 9 (Notice of Change of Address). Because Plaintiff seeks injunctive relief only, and the specific relief relates solely to the alleged deprivations at the JCADC, the penal institution where the alleged violations occurred but at which he is no longer incarcerated, the Court would be unable to provide Plaintiff with effective relief. Therefore, Plaintiff's § 1983 claims seeking equitable relief against the JCADC are moot.

Issues that are "capable of repetition yet evading review," are an exception to the mootness doctrine. *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citations omitted). In this

7

case, the issues are not capable of being repeated as Plaintiff is no longer in the custody of the JCADC. To the extent Plaintiff seeks injunctive relief, his claims are moot and should be dismissed under 28 U.S.C. § 1915A(b) with prejudice because Plaintiff cannot state a plausible claim for relief.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted **thirty (30) days** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 5th day of July, 2016.**

**s/ David J. Waxse**

**David J. Waxse**
**U. S. Magistrate Judge**